[Cite as *State v. McCoy*, 2020-Ohio-1006.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| TODD A. MCCOY II | : | Case Nos. 2019CA0004 & |
| | : | 2019CA0005 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case Nos. 2018CR 000117 &
2018 CR 000140


JUDGMENT:    Affirmed


DATE OF JUDGMENT:    March 12, 2020


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JASON W. GIVEN                        DAVID F. HANSON
318 Chestnut Street                      KORT GATTERDAM
Coshocton, OH 43812                   280 Plaza, Suite 1300
                                         280 North High Street
                                         Columbus, OH  43215

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Todd A. McCoy, II appeals the February 3, 2018 sentencing judgment entry of the Court of Common Pleas, Coshocton, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This matter involves two cases, each involving McCoy committing multiple burglaries, stealing the possessions of the homeowners, and subsequently selling or pawning the items, which included firearms. In the first case, on July 23, 2018, the Coshocton Grand Jury returned a four count indictment. In the second, the grand jury returned a 31 count indictment.

{¶ 3}   On January 11, 2019, McCoy pled guilty as charged in each case. The trial court set the matter over for sentencing and ordered a pre-sentence investigation. On February 1, 2019, the trial court sentenced McCoy on both cases to an aggregate total of 36 years incarceration. The sentence included numerous consecutive sentences, some of them mandatory.

{¶ 4}   McCoy filed an appeal, and the matter is now before this court for consideration. He raises one assignment of error:

I

{¶ 5}   "DEFENDANT-APPELLANT'S SENTENCE IS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE IN THE RECORD IN VIOLATION OF HIS FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS, TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND R.C. 2953.08, RC. 2929.11 AND R.C. 2929.12.

{¶ 6}   In his sole assignment of error, McCoy makes two arguments. McCoy first argues that his sentence requires reversal as the trial court never considered R.C. 2929.12 or R.C. 2929.11. Second, McCoy argues his sentence is contrary to law because the trial court failed to adequately consider R.C. 2929.12 and R.C. 2929.11, fashioned a sentence that is not supported by the record, and is disproportionate to the crimes committed. We disagree on both counts.

{¶ 7}   McCoy asks this court to modify his sentence to accurately reflect R.C. 2929.11 and R.C 2929.11 sentencing considerations. In support of this argument, McCoy relies upon our opinion in *State v. Gwynne*, 5th Dist. No. 16 CAA 12 0056, 2017-Ohio-7570, and *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶ 8}   On January 8, 2019, the Supreme Court of Ohio accepted *Gwynne* on discretionary appeal. *State v. Gwynne*, Slip Opinion No. 2019-Ohio-4761. On November 21, 2019, the court rendered an opinion which concluded that R.C. 2929.11 and R.C. 2929.12 have no application in our review of consecutive sentences, and that *Marcum* had no application to Gwynne's case as *Marcum* applied to a challenge to the length of sentence for a single count. *Id.* ¶15, 17. The court further instructed that upon remand, we analyze Gwynne's consecutive sentences using the standard of review set forth in R.C. 2953.08(G)(2). We therefore analyze McCoy's sentences under that standard.

{¶ 9}   We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either

the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

{¶ 11} The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. See *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. However, the trial court must comply with all applicable rules and statutes, including R.C. 2929.11 and R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Santos*, 8th Dist. Cuyahoga No. 103964, 2016-Ohio-5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement that the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.*

{¶ 12} McCoy does not indicate whether he challenges an individual sentence, or his consecutive sentences. To be sure, he does not argue that any of his individual sentences are outside the statutory range, and upon our review of McCoy's sentence, we find no individual sentence outside the statutory range.

{¶ 13} In its February 3, 2019 sentencing entry the trial court indicated: "Upon due consideration to the matters set forth in Section 2929.12 & 2929.13 of the Ohio Revised Code and all other matters pertinent to the sentence to be imposed, the Court finds that the only a prison term is consistent with the purposes and principals of sentencing in R.C. 2929.11." The trial court also made the appropriate findings before imposing consecutive sentences. Transcript of Sentencing, February 1, 2019, 23-24. We find, therefore, McCoy's sentence is not contrary to law.

{¶ 14} Finally, we note that even if we could analyze the instant matter as we did in *Gwynne* this matter is distinguishable. The appellant in *Gwynne* had a prior misdemeanor offense unrelated to the matter she appealed. Here, on the other hand, McCoy had previously served a prison term for engaging in the same criminal behavior charged in this matter. *Id.* 14-15. We find, therefore, the cases are not analogous.

{¶ 15} The sole assignment of error is overruled.

{¶ 16} The judgment of the Court of Common Pleas, Coshocton County, is affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Wise, John, J. concur.

EEW/rw